*379 OPINION OF THE COURT
C. Raymond Radigan, J.
In this contested probate proceeding, the proponent moves to require three of the four objectants who are nondomiciliaries to give security for costs (SCPA 2303).
The objectants argue that they are all individuals of substantial means and in fact one of them is a domiciliary. In a similar situation where 5 of 12 objectants were nondomiciliaries, their argument that where there are both resident and nonresident objectants, the court had no authority to require security for costs from the nonresidents was overruled, and the motion to require security for costs was granted (Matter of Kittay, NYLJ, Sept. 13, 1972, at 21, col 4 [Sur Ct, Kings County]). However, in In re Hall’s Will (56 NYS2d 813), the court held that in such a case of mixed residents and nonresidents it would not compel the nonresident members of the class to give security for costs. There, however, the court’s conclusion was based upon an analysis of former Civil Practice Act § 1522 (presently CPLR 8501) which specifically provided "if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs.” As pointed out in the Kittay case, the CPLR and other laws applicable to practice and procedure do not apply in the Surrogate’s Court where other procedure is provided for by the SCPA (SCPA 102). Needless to say, SCPA 2303 governing security for costs in the Surrogate’s Court makes no specific exception where some of the objectants are nondomiciliaries and some are not. In exercising discretion in determining whether security for costs should be required, the courts take into consideration whether the nondomiciliary has any interest in the estate to which recourse can be had in the event costs are allowed against him and to what extent the nondomiciliary is acting in good faith (Matter of Snyder, 284 App Div 1003). Here the nonresident objectants have no interest in the estate to which resort could be had in the event of their nonsuccess and the papers are inconclusive on the question of substantial merit to their objections.
Accordingly, the motion for security for costs is granted and the nondomiciliary objectants will be required to file security in the amount of $1,000.